O-Y-U-V-E-X-H-O-U-R-T-E-N-S-E-T-E-A-H-E Good morning, my name is Stephen Gentry. I'm here with this morning representing Willie Hayes Willie Hayes was charged with intentional as well as knowing first-degree murder Arising from the stabbing death of his live-in girlfriend That's correct The trial court agreed to defense counsel's request that the jury be instructed on second-degree murder, but Rejected counsel's request that the jury be instructed on involuntary manslaughter Although I've raised five issues in the briefs I would like unless there are questions on the others to focus on the first two this morning. The second degree was given? That's correct The two issues I'd like to focus on this morning number one Is that the trial court erred by not instructing the jury on involuntary manslaughter when there was some evidence from which the jury could have rationally found that Mr. Hayes acted with the requisite mental state for involuntary manslaughter Also, the second issue is that Mr. Hayes should receive a new trial because instructions for second-degree murder were subverted by the Prosecutor during its closing argument when it told the jury that it should not Find for second-degree murder because second-degree murder would only lead to a slap on the wrist that they might as well Set Mr. Hayes free let him walk And that it would be an injustice to the family of the decedent First a defendant is entitled to an instruction on a lesser included offense when there is some evidence from which the jury could find That lesser offense even if that evidence is very slight here The evidence in question were Mr. Hayes statements to the police and later to the assistant state's attorney that The the fatal the fatality had occurred when the knife went into the decedent's neck as they were struggling Together over a knife which the decedent had introduced into their argument This this very low evidentiary threshold for For receiving the instruction very slight evidence does not require that the evidence be Uncontradicted it does not require that it be of any particular weight now here It's not my argument that the jury could not have found first-degree murder But rather that the jury could also have found involuntary manslaughter here from the evidence while there were other wounds Besides the major wound to the jugular vein The the evidence was not such that a rational jury could not have found that those other wounds were inflicted in the course of this struggle over the knife and thus that That mr. Hayes was disregarding a substantial risk and thus acting recklessly rather than disregarding a practical certainty of Death or great bodily harm which would support the conviction for Knowing first-degree murder That is correct The statements all had a number of things in common that the decedent introduced the knife into the Relationship That they struggled for the knife after mr. Hayes had been held for a lengthy period of time he ultimately did state that he had wrestled the knife free from her But this is this is evidence But there was also the evidence that that it had gone in during the struggle and these conflicts in the evidence should have Been resolved by the trier effect the jury here here the the judge took that Away from from the jury its opportunity to determine whether Mr. Hayes Was only disregarding a substantial risk and thus guilty of involuntary manslaughter rather than a practical certainty of death or great bodily harm But even if the Jury had been properly instructed Or if this court finds that it need not have been instructed as to involuntary manslaughter This court should still remand for a new trial in this case Because the prosecution Undermined the second-degree murder instruction that was given here when it told the jury that Second-degree murder would be a slap on the wrist the exact same language that was Cited in people versus cross no as as in as improper in calling for reversal the state further went on The prosecutor further went on and said that the jury might as well let mr. Hayes walk as convict him of second-degree murder Had this been the end of it I would still be here this morning Asking this court to give a new trial, but in fact when defense counsel objected This was the harm of this these statements were even magnified because the trial court Essentially gave them the court stamp of approval By overruling the objection and at that point the prosecutor continued on Saying that the second-degree murder conviction would be an injustice to the family of the decedent It's well established that this type of argument is improper and Was there any other improper argument other than that I've identified those those three statements Are the improprieties I'm raising before the court today They cannot be it cannot be said to be an isolated statement. These are three three statements and the Harmful effect was again amplified when the court Overruled the objection essentially told the jury that these were proper considerations for them to consider Certainly, they're not the court didn't say that The court by overruling the implication of the exactly They didn't certainly the court did not say that directly The only way to send a message to prosecutors that this type of improper argument will not be tolerated is to remain this case for a new trial For the reasons that I've argued this morning as well as in the briefs Asked this court to remain this case for a new trial. Thank you May it please the court I'm assistant state's attorney Emma Milwaukee on behalf of the people of the state of Illinois Before I begin as a preliminary matter. I want to apologize for an error in my brief I miscalculated the pre-sentence credit the defendants calculations are correct However, the people maintain that the defendant was not entitled to the day for sentencing credit The defendant in this case brutally attacked and killed Nicole Boyd she had multiple stab and incise wounds She had defensive wounds on her arms and hands. She had bruising on her lips She had hemorrhaging in her eye. The defendant argues that he should have been entitled to it involuntary manslaughter instruction Because of the comment the isolated comment he made to the police where he says that Nicole comes at him with a knife They're struggling over the knife. They fall back onto the couch and the knife goes in to her neck this is not evidence of recklessness if anything, this is evidence of an accidental killing or at best a justifiable killing in People v Castillo the Illinois Supreme Court case which is actually cited in defendants brief The Illinois Supreme Court explained that evidence of the victim coming at the defendant with a gun a struggle and suing over the gun and The gun going off was not evidence of recklessness in that case if anything it was evidence of A justifiable murder and in the same sense here where defendant says that the victim is coming at him This is not evidence of recklessness however, even if this was evidence of something it's not slight evidence rising to the level of an Instruction because the physical evidence completely refutes any possibility that the defendant acted recklessly in this case We have the autopsy photographs. We have the medical examiner's testimony There's no possible way that the defendant caused the victim's death and he did so by Performing those acts recklessly. We know she was stabbed in the jugular vein the corroded artery This was an intentional act and as a result the trial court did not abuse its discretion in denying the instruction on involuntary manslaughter moving on to the second issue a Prosecutor's comment does not amount to reversible error unless the defendant can so show that he was so substantially Prejudiced by that comment such that the comment may have contributed to his conviction The prosecutor's comment in this case absolutely did not contribute to the defendants conviction Because there was no evidence of second-degree murder in this case Second-degree murder requires based on provocation, which is what the jury was instructed on in this case It requires a mutual combat upon equal terms where two parties enter Equally and where that defendants attack is proportionate to the to the victim's provocation The crime is murder where the attack is out of proportion to the provocation in this case There was no question for the jury or any reasonable trier fact that the victim's attack upon Nicole Boyd was completely out of proportion to any arguable provocation on on her part She again had multiple multiple wounds the defendant treated her body like trash. He dumped her in the garbage can He left her there for a week living in this house full of blood until the police came over to his house He told multiple multiple lies the police This is not the type of case where the defendant was argued there were the defendant was in a heat of passion And this is not second-degree and I would submit that the prosecutor in this case did not blatantly comment on sentencing What he appears if he was doing on the record was he was trying to convey the fact that there was absolutely no evidence in Second-degree murder and so he argued that this is either if you're going to believe none of the witnesses are not guilty or it's a first-degree murder case and in addition, I'd like to point out that the defendant doesn't argue in his brief about the comment made after the slap on the wrist about the injustice and that is proper comment and it's conceded to be proper comment in this case and The trial court in this case did overrule the objection But the trial court was in a better position to weigh the level of impropriety of such a comment and the trial court did not find the comment to be Especially prejudicial to the defendant the trial court instructed the jury that this was simply argument and the jury was instructed that Closing arguments are not evidence And Reviewing a prosecutor's comment. We must look at the argument as a whole and in this case It was an isolated portion part of an isolated comment of a 30-page rebuttal argument and the prosecutors comment here because of the overwhelming evidence in this case and Because He was the defendant was in no way prejudiced by this comment This court should affirm that conviction and find this did not amount to reversible error And for these reasons and those stated in our brief we respectfully ask this court to affirm defendants conviction and sentence Yes Everything in the case, but I really can't tell I didn't take a minute to list them all but we're talking about She had a Stab wound to the right side of her neck and puncturing her jugular vein She had a stab wound on the left side of her face puncturing her carotid artery. She had two incise wounds on her face She also had Pedageal hemorrhaging in her eyes Which can be associated with the compression like a choke hold She had bruising on the inner and outer portions of her lower lip. She had two incise wounds on her forearm She had another incise wound on the outside of her hand. She had an additional bruise on her hand and That was the extent of her severe injuries as well as the fact that she was dumped in a Reckless because of the absolutely, and there's case law actually the case cited in defendants brief given change of does stand for the proposition that Generally an involuntary manslaughter instruction is not warranted where the victims multiple wounds and defenseless list demonstrate That the defendant did not act recklessly and that is exactly what we have in this case And that is why the trial court properly denied the instruction as well as the fact that the defendant changed his stories multiple times And this was not his final conviction confession and the defendant did not testify. There was no evidence of recklessness Thank you Thank you, I'd like to briefly respond to a couple of points that were just made specifically as to the as to the evidence and what I Certainly the multiple wounds are something to be considered in whether or not an involuntary Manslaughter instruction is to be given, but it's not a dispositive factor What what? What needs to be looked at is could the jury have found from this evidence rationally that that there was? Involuntary manslaughter recklessness rather than first-degree murder here the wounds while while there were certainly more than one Certainly a jury could have rationally found That these wounds were inflicted in the course of a mutual struggle therefore That that does not render Not erroneous the denial of that Instruction Likewise the state's assertion that that the prosecutor was not commenting on sentencing By by saying this was a slap on the wrist that set him free if that's not a comment on sentencing I don't know what it is it it it it certainly a strained argument to say that it is not And furthermore as to the the issue of prejudice what we have here certainly with all of all of the statement certainly It was a it was not a pretty scene. It was a grizzly scene in the apartment but all of his statements statements indicated that there was an argument going on over their relationship that there was a mutual struggle and There was certainly no evidence presented by the state that this was some sort of premeditated act the state says there was no Evidence that it was anything but an intentional act, but in fact the The jury was instructed as to knowing first-degree murder as well and returned a general verdict, so it's it's quite possible that they And it seems quite likely that they found that it was a knowing rather than an intentional act but because the jury's consideration of involuntary manslaughter was denied by the denial of the instruction and because the secondary murder instruction was subverted by the state discouraging the jury to Consider whether this first degree was mitigated and instead to reject it based on improper factors This court should remain for a new trial